1

2

3                                                          "O"

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                            CENTRAL DISTRICT OF CALIFORNIA

10   MARTIN SAUCEDO,                        )   Case No. CV 06-04560 AN
                                            )
11              Plaintiff,                  )   ORDER AFFIRMING
                                            )   DECISION OF COMMISSIONER
12         v.                               )
                                            )
13   MICHAEL J. ASTRUE,                      )
     COMMISSIONER OF THE SOCIAL             )
14   SECURITY ADMINISTRATION,               )
                                            )
15              Defendant.                  )
     ──────────────────────────            )

16

17         The Court now rules as follows with respect to the two disputed issues in the Joint

18   Stipulation ("JS").[1]

19         First, Plaintiff principally contends reversal is warranted because "the Appeals

20   Council clearly abused its discretion in rejecting Dr. Lawrence Cooke's April 14, 2006

21   assessment." [JS at 5:1-2.]  However, the Court rejects Plaintiff's first contention for the

22   reasons stated by the Commissioner at pages 12:18-15:15 of the JS.  Further, during the

23   hearing, the Administrative Law Judge ("ALJ") asked Plaintiff how the medications

24   affected him, and Plaintiff responded, "[t]hey get me kind of drowsy, tiredness.  Not

25   really unfocused, but not fully focusing 100 percent."  [AR at 270.]   Consequently,

26   ─────────────────

27   [1]   Both parties have consented to proceed before the undersigned Magistrate Judge. In
     accordance with the Court's Case Management Order, the parties have filed the JS and
28   seek a dispositive order regarding the disputed issues set forth in the JS.  The Court's
     decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

1 Plaintiff's own testimony also undermines Dr. Cooke's conclusory opinion that the side

2 effects of Plaintiff's medications completely debilitate him.

3      Second, Plaintiff principally contends the ALJ failed to give proper reasons for

4 rejecting Plaintiff's subjective symptom testimony. [JS at 17:10- 23:25.]  However, the

5 Court finds Plaintiff's second contention lacks merit for the reasons stated by the

6 Commissioner at pages 24:1-27:2 of the JS.  The Court finds the ALJ gave clear and

7 convincing reasons for rejecting Plaintiff's subjective testimony regarding the severity

8 of his symptoms that were supported by substantial evidence in the record. That is exactly

9 what an ALJ is required to do. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1988);

10 *Lester v. Chater*, 81 F.3d. 821, 834 (9th Cir. 1996).

11      IT IS THEREFORE ORDERED that judgment be entered affirming the

12 Commissioner's final decision, and dismissing this action with prejudice.

13

14

15 DATED: August 21, 2007

ARTHUR NAKAZATO
_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28